Cugini v. City of New York Sure, of course, Mr. Kornbluhm You don't charge your argument time for setting up Good morning, Scott Kornbluhm from Ms. Cugini As of June 26, 2014, which was the date of Ms. Cugini's arrest, the law of this circuit was clearly established that the use of entirely gratuitous force on a restrained and unresisting arrestee Can I back up a little bit? Because there is a history to the relationship between this police officer and the plaintiff Isn't that right? The relationship is, yes, in the sense that the police officer's mother and Ms. Cugini's sister have a history It wasn't just a police officer It's a police officer with whom there was a history of some sort Yes, the jury could find that, Judge Yeah, okay, and you asserted that, and that was before the judge presumed Yes, that's in the 56.1 paper Let me go about it this way What happened to your state claims, assault and battery, for example? The district court declined to exercise supplemental jurisdiction over them And therefore? They are in, I believe, Staten Island Supreme I did not represent Ms. Cugini I can help that, but they can proceed Presumably, they can proceed in state court So this isn't necessarily the end of everything They can proceed with an assault and battery Yes, that's my understanding I believe they were properly served It was filed within six months and served within six months But the federal excessive force claim is what's issued before this court Was this a relationship which could lead one to worry about more than negligence or recklessness, that it was purposeful? Yes Was that part of the complaint, that this was a purposeful act in any sense? I believe it was I don't know if the history was in the complaint The history was in the deposition Correct, and in the 56.1 But was it pled, do you know? I don't remember, Judge I have to, when I'm, after I'm concluded here, I'll answer that question That's fine It doesn't matter as a matter of federal law I'm concerned about the possibility that this is not recklessness That this was a deliberate action by the police officer because of the history And because of what may or may not have been alleged in the complaint, right? And a jury can certainly conclude, if one credits Ms. Cugini's testimony We have A plus B plus C plus D, which is, ouch, shudder, don't make me hurt you I understand that part, but I'm talking about the history That can happen to a, the concern that we have, that I have Yes, Judge Is that when you're talking about the, I don't want to call it ordinary But the kinds of claims we're used to You have to worry very much, and that's why there's such a thing as qualified immunity You have to worry about the police officer's ability to get his job done And the use of force to get his job done If this is all about not getting his job done, but about settling an old score It takes on a different cast to me It seems quite different, and I'm wondering, let's assume for a moment That, and I'm sure if I'm taking too much time, the presider will give you back whatever you need, I hope But supposing that this was, a jury was able to find out what's before it That it was deliberately done to settle an old score Let's assume that for a second What effect would that have legally as to the federal claim? Is it well established? Is it firmly established? Would every police officer know that they can't do that? That that's against the law? Well, I think this court's jurisprudence Yes, absolutely, whether you're thinking about a Fourth Amendment claim And this court suggested as much as Amnesty America versus Town of West Hartford in 2004 Which is where this court warned officers against gratuitously employing pain compliance techniques This is no different Whether there's an old score or not In those cases where officers from the different circuits Where an officer knows somebody's in pain You can't then just make it worse During the course of any arrest That's no different than gratuitously using force, whether it's baton As in Tracy versus Freshwater But what did she say other than ouch when the cuffs were put on? Well, the first time it was ouch and shuddered A physical shuddering as if a pain was going up and down her spine That's how I interpreted that And then what's significant is he says It's his immediate reaction Which is the key because it shows knowledge on his part And just so we're clear, we do believe But he testified that she was resisting being cuffed That's why he said don't mess with me or something like that But that's for the jury to decide  It will always be a disputed issue of fact Okay, I agree Will any case like this ouch? No, no, no To a jury? No, no, the excessive force claim is not the initial handcuffing Where does it start? Well, it starts with the If all we had was ouch and then nothing happened next We wouldn't be here We might have a negligence claim Are you not, and I'm happy, tell me otherwise Yes, Judge All you're arguing is that It's ouch and don't struggle and make me hurt you No, no, she doesn't say anything about don't struggle No, no, no, no I have ouch and the officer saying don't struggle and make me hurt you No, the officer says don't make me hurt you And then he tightens, ratchets up the handcuffs And then leaves her, and she says ouch Sort of makes another reaction So he knows she's in pain She knows he's in pain He knows she's in pain He then ratchets the handcuffs up, causing more pain Which she does react And then he leaves her there for 40, when I say there I mean Then 40 minutes until the transportation to central booking Is she sitting in the police car? No, no But it makes sense I mean, she's scared A jury could find The problem about not saying anything Is we're looking for clearly established law And the clearly established law insofar as there is any Often seems to focus on whether the person being arrested Actually says something or not That may be a foolish law But that appears to be arguably the law Is she had to say stop it, it hurts, don't do it And that that's part of the clearly established law While there are cases that No, I think what that addresses is That's significant because it concerns knowledge Okay It's the knowledge on the officer that he It's the knowledge The officer's knowledge that he had That he has done something Beyond just ordinary handcuffing And this is where Judge Johnson's opinion is wrong Because he ignores the second handcuffing When I say second handcuffing The second act, the subsequent act But it's the knowledge that the officer has And I think the Seventh Circuit decision Makes clear Do we have a decision that makes clear? No, I said Seventh Circuit No, no I'm asking you Under our jurisprudence, at least as I understand it Please tell me that I mean, you can disabuse me of that That the guidance to officers In these circumstances Comes either from the Supreme Court or this circuit Unless there's a consensus Among the circuits No Neither the city nor myself have found A case before June 26, 2014 I think in Shamir Which came in, I think, 2015 The court established it Recognized the claim of excessive force Through the improper use of handcuffing But no, Judge I didn't come across one Where you clearly confronted the issue But every circuit I think I've cited seven circuits And I just want to Have made clear That this claim exists And if the officer knows That's the significance And how is this any different than I think one of your two most recent Colleagues Judge Bianco In Davis Not yet Hopefully he will be But Davis versus the City of New York So you have somebody who's handcuffed Appropriately And then it's a single kick to the shoulder He says that's clearly established law That that's excessive force There's no difference between The single kick to the shoulder Where someone is appropriately handcuffed Because probably It was a search warrant So you can handcuff somebody But then you kick them That's clearly excessive force No, no, but all I'm saying is What's the clearly established law And this has been The clearly established law I didn't get to finish Is that you can't use Entirely gratuitous force On a restrained and unresisting arrestee In a manner designed to inflict injury To inflict injury That constitutes excessive force That is this court's decision In Tracy versus Freshwater 2010 That's this court's decision In Mickle versus Moran M-O-R-I-N 2002 Breen versus Garrison 1999 Robeson versus Villa 1987 An amnesty in America 2004 That's what this is a case of And then you can go to the Clearly established law I see I'm over I can continue But again, every circuit Yes, there's a knowledge requirement Judge Johnson said There's nothing talismanic about Somebody's Fourth Amendment rights Don't rise and fall On whether they say anything in specific It is a relevant consideration Absolutely Because the officer does have to know Otherwise floodgates can open But if you have injury And knowledge that the officer Has done something wrong And here he knows on our version of the facts That law is clearly established See, I was I'm sorry There's something that's been referred to As the Esmont test Part two of which is And I'm in quotes from a case of all things Called Esmont And it says The defendants ignore the arrestees' pleas That the handcuffs were too tight That's the clearly established law Or can be argued Not that the officer is made aware of it But that the The arrestee made pleas to that effect And that's a stumbling block here To what may very Well, a stumbling block Do you want me to address that in reply Or now, your honor? Because in our reply brief We address that in Esmont It's a factor Obviously, again But that goes to the officer's knowledge But when the officer knows There shouldn't have to be anything An officer can't intentionally inflict pain on somebody And that's what we have here Esmont, that is not It's a consideration If you read the case I mean, I know you have, Josh, obviously But it's What's that? I'm not too sure But thank you It's not Courts have adopted that language But the Seventh Circuit didn't In Stainback Or actually, Stainback cites Our case This is Stainback's Which is 569, Fed 3rd, 767 Our cases indicate that an officer may not knowingly use handcuffs In a way that will inflict unnecessary pain or injury On a Seventh Circuit Seventh Circuit, right That's Stainback citing another Seventh Circuit decision Saying, but this court said the same thing You can't It sounded like a broken record And I'm not using acronyms But You know, you just can't intentionally hurt somebody And that's what we have here A jury can so find That's a factual dispute I'm sorry That's a factual dispute Yeah, no, no I fully Yes, it's a completely Absolutely All right And one that Judge Johnson ignored Thank you Ms. Lawless Good morning, your honors May it please the court Diana Lawless On behalf of the appellees This is definitely a qualified immunity case Because there is no clearly established law That alerted Officer Palazzolo That he could not tighten Or had to loosen the handcuffs here As has been discussed A little  Ask you a question about the fact that you are Representing both the individual defendant And the city And the individual defendant And because they both have rather divergent Defenses in a way I mean, the city Is that a problem? There's a footnote in our brief It's just that there was There was no I believe there was no Minnell claim That the city was dismissed on Minnell There's not an issue on appeal So we are City is appellee But really this is just As to the Officer Palazzolo Here That's my understanding Counsel can correct me If I'm wrong But here As we've been discussing There's no circuit This court has not Head-on addressed Binding precedent That would require A loosening of the handcuffs And absent a manifestation of pain No circuits held that I would like to point this court To the Brown case Where Judge Droney was on the panel there And the query for Excessive force qualified immunity Is whether every reasonable officer Would view the force used by the defendant In the circumstances In which that force was applied As excessive According to the clearly established law My adversary likes to make a point About gratuitous force Intentional force Things of that nature I think many of the cases Were discussed there That you can't take cases That are totally different That are different in many different ways And many of the cases he cites As we point out in our brief This court outright rejected in Brown As being cases that can be used Would it matter If in fact in this case The police officer Had a personal grudge Against the person Who he was arresting Was arresting that person Pursuant to that grudge And was inflicting Unnecessary pain With the handcuffs Would that matter No intent does not matter Intent does not matter For excessive force Intent does not matter For qualified immunity And on that point I'd like to point the court In particular to Judge Hall's recent opinion In the Berg case Where there was a tribal issue of fact The court found In a first amendment retaliation claim And still Even though there was A tribal issue of fact As to the intent of the arrest Where that matters For a first amendment retaliation claim Because there was probable cause For the arrest There was still an entitlement To qualified immunity Reasonable officers could disagree About whether or not They violated the constitution When they arrested someone With probable cause When they also had a bad intent As it were Here we don't consider intent When we consider excessive force claims What's the status If you know of the State assault and battery claim I believe it is what My adversary said That the court declined Supplemental jurisdiction I don't know about the refiling I don't know whether it proceeded I do not know I don't know about the Filing of state court But I will point to Your Honor's earlier question I'll answer that About what's in the complaint About is this settling an old score As I said it doesn't matter I found just looking now On page 10 paragraph 17 Is the only time where intent Is mentioned at all Negligently or intentionally Tightened the handcuffs I don't see anything But there was Assuming it was properly There was deposition Testimony to that effect Right but I think That goes back to what I said before Doesn't matter I understand that Right that even You're wrong It's not just that the Mothers knew each other Right He had gone out With the plaintiffs Daughter The plaintiff testified To all of that yes And said that They had a messy Fairly messy ending To their relationship Because he was trying To get her to do things She didn't want to do Right and there would be A fact dispute about that His testimony was that He maybe I believe his testimony Was he went out with her But nothing had happened And it does seem That this all kind of Just came up with a deposition And it didn't seem To be something That the officer was Thought was He wasn't It doesn't matter But it would be If anything that would be For a jury question About intent Intent is not something We consider for Fourth amendment Excessive force claims We talk about the Degree of force And for an objectively Reasonable officer And then specifically For qualified immunity We look to whether An officer would know That they're violating They have noticed That they're violating The constitution And I think here When we go through And we just say That all that happened here Even if there's intent He closed and tightened The handcuffs She said ouch And shuddered He said don't make me hurt you He tightened She said ow Or maybe gave like a cry It was so bad That it permanently Injured We concede For the purpose Of summary judgment That it was an injury But we do not concede That the injury Was manifest at the time This is an officer This is the second time The handcuffs were placed On this plaintiff The initial arrest At the precinct And she was handcuffed And processed And taken to the cell No complaints there This is the second time When she is going To be transported To central booking That's all that happens He's putting This is one Essentially one Act of getting Handcuffs on And as the district court And many of the courts Have recognized The district court In Esmont The test we were talking About before And even the district court Here said that If you're going to put Handcuffs on somebody Which is something We recognize happens Is fundamentally different From other types of force Because it happens Often during an arrest And handcuffs Have to be tightened So that they don't Loosen and fall off So I don't think There's any precedent That would show That this officer Knew that he was Doing anything Knew? I thought you said That doesn't matter Oh no, I mean Violating the Constitution The degree of force That he doesn't That he I don't think There's any precedent That shows that A reasonable officer Would believe That the situation Here That the force That the officer Applied Was unconstitutional Was unreasonable To apply that Degree of force In this situation Because there is No case law That tells one Either way Let me give you A hypothetical Let's say Ms. Cugini Is Stoic And The officer I mean Just don't give me The answer Well that's a hypothetical Not the facts Of this case Because they are Not the facts Of this case Stoic And the officer Says You know I can't Stand the way You've been acting I'm going to put These handcuffs On you So hard That they're Going to hurt you And she doesn't Say anything I don't think You And the jury Can the Is that a factor What he says To be considered In terms of Whether that Was excessive Force Assuming it Ends up The way it Did here That is causing Is alleged To have ended Up the way It did here That is causing Some permanent Damage No I don't Think Because I don't Think that I think there Has to be a Manifestation That the Resulting Force Happened in a Way that Caused An injury That would Show that You would Have to Take the Handcuffs Off Isn't that Manifestation Here we Can't Consider It I mean I think We look At how Tight they Are because We acknowledge Handcuffs Must be Put on And can Be tightened So they Don't slip Off You could Say that I'm going To tighten Them so hard But it Still doesn't Work out That way We don't Think about It   Work  Doesn't Work It Doesn't Work It I Don't Think It Must Happen That way Immunity Must Be Maintained We Can't Tell We Can't Do Without Our Analysis We Can Make The Law Clear Assuming We Wanted To Make The Law Clear Once There Is A Manifestation Of Pain It Doesn't Have To Be Said It Is Enough To Make         Of Pain It Doesn't Have To Be Said It Is Enough To Make The Law